UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL PRICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. MONCUS,<br><br>　　　　　Defendant. | No.  2:19-cv-1089 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 5, 7. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. The undersigned shall also recommend that this action be dismissed for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b)(1).

I.       IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

////

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept

1 as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425
2 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and
3 resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

4    III.    PLAINTIFF'S COMPLAINT

5      Plaintiff names L. Moncus, a Correctional Counselor I at Mule Creek State Prison, as the
6 sole defendant in this action. See ECF No. 1 at 1-2. The complaint alleges that in March 2019,
7 Moncus threatened plaintiff's safety when she told an inmate classification clerk that plaintiff was
8 a child molester and a rat, to which the clerk responded, "We already know." See id. at 3.

9      Plaintiff contends that Moncus is attempting to incite violence between him and other
10 inmates, that she is giving out confidential information to other inmates, and that she is trying to
11 have him assaulted and/or murdered by other inmates. See ECF No. 1 at 3. Plaintiff also claims
12 that Moncus' actions violate California Code of Regulations, Title 15, §§ 3004(a)-(c) and
13 3391(a). See id. He further asserts that defendant Moncus' actions have "roused excitement and
14 activity veering on conspiracy to incite an attack and very possible ruffian assault upon my very
15 person." See id. "I have been abused," he contends. See id.

16    IV.    DISCUSSION

17      Plaintiff's fails to state a claim for violation of his Eighth Amendment right to personal
18 safety. While the Constitution does require the State to assume responsibility for the safety of
19 those in its custody (see DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 199-
20 200 (1989); see also Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015)), and prison officials
21 must take reasonable measures to guarantee the safety of inmates (see Hudson v. Palmer, 468
22 U.S. 571, 526-27 (1974)), plaintiff has failed to identify any specific harm that has come to him
23 as a result of defendant Moncus' statements to the inmate classification clerk. See generally ECF
24 No. 1 at 3. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws
25 cruel and unusual 'punishments'." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus,
26 plaintiff's statement that he has "been abused" (ECF No. 1 at 3), without more, is insufficient to
27 support this claim.
28 ////

Moreover, by plaintiff's own admission, the inmate classification clerk was aware of plaintiff's reputation as a child molester and a snitch before Moncus said anything. See ECF No. 1 at 3. Accordingly, even if plaintiff had alleged any harm or threats of harm from other inmates and/or prison staff because of his alleged status, that danger would not be attributable to Moncus's dissemination of the information.

In addition, to the extent plaintiff may also be intending to allege that his reputation has been harmed, defamation does not constitute an injury under Section 1983. See generally Paul v. Davis, 424 U.S. 693, 711-12 (1976) (stating interest in reputation is neither liberty nor property guaranteed against state deprivation without due process of law); see Weiner v. San Diego Cty., 210 F.3d 1025, 1032 (9th Cir. 2000) (stating more than state tort law violation needed to show deprivation protected by Constitution or federal law). Therefore, providing plaintiff with an opportunity to amend to solidify a defamation argument as a potential Fourteenth Amendment due process claim would be an exercise in futility and will not be permitted. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Finally, to the extent plaintiff argues that Moncus' statements to the inmate classification clerk violated the California Code of Regulations (see ECF No. 1 at 3), this claim is also without merit. "Section 1983 limits a federal court's analysis to the deprivation of rights secured by the 'Constitution and laws'." Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996) (internal citation omitted). There is no independent cause of action under Section 1983 for a violation of Title 15 regulations. Nible v. Fink, No. 3:16-cv-02849 BAS RBM, 2019 WL 1547261, at *11 (S.D. Cal. Apr. 8, 2019) (citation omitted).

V.   CONCLUSION

For the reasons stated above, the allegations of the complaint fail to state any claim for relief under § 1983. Furthermore, because the facts presented indicate that providing plaintiff with an opportunity to amend would be an exercise in futility, the undersigned recommends that this action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign a District Court Judge to this action;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED, and

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2021

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE