UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL PRICE, | No. 2:19-cv-1089 KJM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| L. MONCUS, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The matter has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a first amended complaint ("FAC"). ECF No. 14. For the reasons stated below, the undersigned will recommend that this action be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

I. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II.  FIRST AMENDED COMPLAINT

Plaintiff, an inmate at Mule Creek State Prison, alleges that defendant L. Moncus, a correctional counselor at the institution, was deliberately indifferent to his safety needs when she told a clerk who worked in the classification unit that he was "a child molester" and "a rat." ECF No. 14 at 3. In response to Moncus' statement, the clerk said, "We already know." Id.

Plaintiff alleges that his rights were violated because Moncus' statement was "life threatening" to him, in that he "[might] be targeted for murder by the mere validation of [her statement]." ECF No. 14 at 3. "Security threat groups," plaintiff asserts, "have been known to initiate plans of murder and conspiracy to commit murder for remarks made [like that one]." Id. He contends that because Moncus presumably knew this, she "was deliberately indifferent to [his] safety and . . . threatened his life . . . , placing him in danger." Id.

Plaintiff further alleges that because of Moncus' statement, he has experienced traumatic stress and emotional distress, and he worries about being stabbed to death. ECF No. 14 at 3. He also claims that Moncus' statement "gave out confidential information[,] which is a violation of CDCR policy." Id. He asks for relief in the form of $100,000.00 in damages and $350.00 in court fees. ECF No. 14 at 4.

## III.  DISCUSSION

### A.  Relevant Procedural History

Plaintiff presented the same claim in his original complaint, ECF No. 1, and the undersigned found on screening that the allegations failed to state a claim for relief, ECF No. 10. The undersigned found further that amendment would be futile and recommended dismissal, id. at 5, but the district judge disagreed as to the futility of amendment. ECF No. 13 at 2. Accordingly, the previous findings and recommendations were adopted in part, as to the deficiencies of the claim as initially pled, and plaintiff was granted leave to amend. Id.

### B.  Failure to State a Claim

The factual allegations of the First Amended Complaint are identical to those of the

3

original complaint; only the brief "argument" in support is different, and only in form but not in substance. Compare ECF No. 1 at 3, with ECF No. 14 at 3. Plaintiff has failed to provide any additional facts on amendment, and therefore has failed to cure the deficiencies previously identified.

The Constitution requires the states to assume responsibility for the safety of those in its custody. See DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989); Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015)). Accordingly, prison officials must take reasonable measures to guarantee the safety of inmates. See Hudson v. Palmer, 468 U.S. 571, 526-27 (1974). The Eighth Amendment is violated where a prison official is aware of an excessive risk to plaintiff's safety and deliberately ignores it. Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994); Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013). Plaintiff's factual allegations do not state a claim under this deliberate indifference standard.

The Amended Complaint is devoid of facts demonstrating (1) that counselor Moncus was subjectively aware of facts from which the inference could be drawn that plaintiff faced a substantial risk of serious harm, and (2) that she actually drew that inference. Both are required to demonstrate deliberate indifference. Farmer, 511 at 837. Plaintiff alleges that Moncus "can be presumed to know" that labelling him a child molester put him in danger of murder, ECF No. 14 at 3, but this allegation is insufficient as a matter of law to support deliberate indifference.

Moreover, plaintiff alleges no facts demonstrating that he experienced, or faced the realistic threat of, any actual harm as the result of Moncus's alleged statement. To the contrary, the allegations indicate that other inmates were already aware of the sensitive information.[1] Without an injury, there is no basis for recovery. Plaintiff claims that the statement was "defamatory," ECF No. 14 at 3, but injury to reputation is not a liberty or property interest protected by the Fourteenth Amendment, and therefore injury to reputation alone does not present

---

[1] The person to whom Moncus made the alleged statement is described as "the white clerk who works in there [the program office] and lives in 4-Block." ECF No. 14 at 3. This individual, who must have been an inmate, said "We already know" when informed that plaintiff was a "child molester." Id.

4

an actionable claim under section 1983. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991) (citing Paul v. Davis, 424 U.S. 693, 703 (1976)). The facts presented here do not implicate any recognizable property interest that might, in conjunction with the allegation of injury to reputation, support a claim. See id.

Plaintiff's allegations that he suffered "traumatic stress" and "emotional distress," ECF No. 14 at 3, are insufficient to state a claim absent circumstances not present in this case. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e). No physical injury has been claimed here. Neither does plaintiff allege the kind of direct threats of harm or intentional and ongoing harassment that could independently constitute a compensable injury. Cf. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (finding that "disrespectful and assaultive comments" by prison guards did not support Eighth Amendment claim, but suggesting result would be different if the comments "were calculated to and did cause [plaintiff] psychological damage"); Grant v. Foye, 981 F.2d 1258 (1992) (acts that amount to wanton infliction of psychological torture are redressable under § 1983).

Finally, to the extent plaintiff relies on the allegation that "L. Moncus gave out confidential information which is a violation of CDCR policy," ECF No. 14 at 3, there is no liability under Section 1983 for violations of prison policy. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009).

In sum, plaintiff has not alleged facts showing that defendant Moncus acted with deliberate indifference to his safety or that he suffered any cognizable injury from her statements. Accordingly, he has failed to state a claim on which relief can be granted.

    C. Further Leave to Amend Should Be Denied as Futile

Although leave to amend should be liberally granted, at least in the first instance, it may be denied where amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). District courts have particularly broad discretion to dismiss without leave to amend where a plaintiff has amended once already. See Zucco Partners, LLC v. Digimarc Corp., 552

F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009). The failure to cure deficiencies by previously allowed amendment supports denial of further leave to amend. See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008); see also Foman v. Davis, 371 U.S. 178, 182 (1962). In this case, plaintiff was provided the opportunity to cure the deficiencies of his claim but has submitted the same allegations verbatim. This indicates that plaintiff has provided all the facts that are available. Because those facts do not state a claim for relief as a matter of law, further amendment would be an exercise in futility. Accordingly, it is recommended that the amended complaint be dismissed without further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED on screening for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 22, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE